OCTOBER 24, 1977

IN THE MATTER OF PROPOSED AMENDMENT OF THE CODE OF PROFESSIONAL RESPONSIBILITY AND CANONS, DR 2-101, DR 2-102, DR 2-103, DR 2-104, DR 2-105. On order of the Court, notice is given that the Supreme Court is considering the following proposed amendments to the Canons of Professional Responsibility, DR 2-101, DR 2-102, DR 2-103, DR 2-104, and DR 2-105:

(The present language is to be repealed and replaced by the following.)

DR 2-101. PUBLICITY AND ADVERTISING.

(A) A lawyer shall not on behalf of himself, his partner, or associate, or any other lawyer affiliated with him or his firm, use or participate in the use of any form of public communication containing a false, fraudulent, misleading, or deceptive statement or claim.

(B) Without limitation a false, fraudulent, misleading, or deceptive statement or claim includes a statement or claim which:

(1) contains a material misrepresentation of fact;

(2) omits to state any material fact necessary to make the statement, in the light of all circumstances, not misleading;

(3) is intended or is likely to create an unjustified expectation;

(4) states or implies that a lawyer is a certified or recognized specialist other than as permitted by DR 2-105;

(5) is intended or is likely to convey the impression that the lawyer is in a position to influence improperly any court, tribunal, or other public body or official;

(6) relates to legal fees other than:

(a) a statement of the fee for an initial consultation;

(b) a statement of the fixed or contingent fee charged for a specific legal service, the description of which would not be misunderstood or be deceptive;

(c) a statement of the range of fees for specifically described legal services, provided there is a reasonable disclosure of all relevant variables and considerations so that the statement would not be misunderstood or be deceptive;

(d) a statement of specified hourly rates, provided the statement makes clear that the total charge will vary according to the number of hours devoted to the matter;

(e) the availability of credit arrangements; and

(f) a statement of the fees charged by a qualified legal assistance organization in which he participates for specific legal services the description of which would not be misunderstood or be deceptive; or

(7) contains a representation or implication that is likely to cause an ordinary prudent person to misunderstand or be deceived or fails to contain reasonable warnings or disclaimers necessary to make a representation or implication not deceptive.

(C) A lawyer shall not, on behalf of himself, his partner or associate, or any other lawyer affiliated with him or his firm, use or participate in the use of any form of public communication which:

(1) is intended or is likely to result in a legal action or a legal position being asserted merely to harass or maliciously injure another;

(2) contains statistical data or other information based on past performance or prediction of future success;

(3) contains a testimonial about or endorsement of a lawyer;

(4) contains a statement of opinion as to the quality of the services or contains a representation or implication regarding the quality of

legal services which is not susceptible of reasonable verification by the public;

(5) appeals primarily to a layperson's fear, greed, desire for revenge, or similar emotion;

(6) is intended or is likely to attract clients by use of showmanship, puffery, self-laudation or hucksterism, including the use of slogans, jingles, or garish or sensational language or format; or

(7) utilizes television.

(D) A lawyer shall not compensate or give anything of value to a representative of the press, radio, television, or other communication medium in anticipation of or in return for professional publicity in a news item. A paid advertisement must be identified as such unless it is apparent from the context that it is a paid advertisement. If the paid advertisement is communicated to the public by use of radio, it shall be prerecorded and approved for broadcast by the lawyer, and a recording of the actual transmission shall be retained by the lawyer.

DR 2-102. PROFESSIONAL NOTICES, LETTERHEADS, OFFICES, AND LAW LISTS.

(A) A lawyer or law firm shall not use or participate in the use of a professional card, professional announcement card, office sign, letterhead, telephone directory listing, law list, legal directory listing, or a similar professional notice or device if it includes a statement or claim that is false, fraudulent, misleading, or deceptive within the meaning of DR 2-101(B) or that violates the regulations contained in DR 2-101(C).

(B) A lawyer shall not practice under a name that is misleading as to the identity, responsibility, or status of those practicing thereunder, or is otherwise false, fraudulent, misleading, or deceptive within the meaning of DR 2-101(B), or is contrary to law. However, the name of a professional corporation or professional association may contain "P.C." or "P.A." or similar symbols indicating the nature of the organization, and if otherwise lawful a firm may use as, or continue to include in, its name the name or names of one or more deceased or retired members of the firm or of a predecessor firm in a continuing line of succession. A lawyer who assumes a judicial, legislative, or public executive or administrative post or office shall not permit his name to remain in the name of a law firm or to be used in professional notices of or public communications by the firm during any significant period in which he is not actively and regularly practicing law as a member of the firm, and during such period other members of the firm shall not use his name in the firm name or in professional notices of or public communications by the firm.

(C) A lawyer shall not hold himself out as having a partnership with one or more other lawyers unless they are in fact partners.

(D) A partnership shall not be formed or continued between or among lawyers licensed in different jurisdictions unless all enumerations of the members and associates of the firm on its letterhead and in other permissible listings make clear the jurisdictional limitations on those members and associates of the firm not licensed to practice in all listed jurisdictions; however, the same firm name may be used in each jurisdiction.

(E) Nothing contained herein shall prohibit a lawyer from using or permitting the use of, in connection with his name, an earned degree or title derived therefrom indicating his training in the law.

DR 2-103. RECOMMENDATION OR SOLICITATION OF PROFESSIONAL EMPLOYMENT.

(A) A lawyer shall not seek by direct mail or other form of personal contact and shall not recommend employment as a private practitioner, of himself, his partner, or associate to a nonlawyer who has not sought his advice regarding employment of a lawyer, or assist another person in so doing, except that if success in asserting rights or defenses of his clients in litigation in the nature of a class action is dependent upon the joinder of others, a lawyer may accept employment from those he is permitted under applicable law to contact for the purpose of obtaining their joinder. This disciplinary rule does not prohibit a lawyer or his partner or associate or any other lawyer affiliated with him or his firm from requesting referrals from a lawyer referral service operated, sponsored, or approved by a bar association or from cooperating with any other qualified legal assistance organization.

(B) A lawyer shall not knowingly assist an organization that furnishes or pays for legal services to others to promote the use of his services or those of his partner or associate or any other lawyer affiliated with him or his firm, as a private practitioner, if:

(1) the promotional activity involves use of a statement or claim that is false, fraudulent, misleading, or deceptive within the meaning of DR 2-101(B) or that violates the regulations contained in DR 2-101(C); or

(2) the promotional activity involves the use of coercion, duress, compulsion, intimidation, threats, unwarranted promises of benefits, overpersuasion, overreaching, or vexatious or harassing conduct.

(C) A lawyer shall not compensate or give anything of value to a person or organization to recommend or secure his employment by a client, or as a reward for having made a recommendation resulting in

his employment by a client, except that he may pay for public communications permitted by DR 2-101 and the usual and reasonable fees or dues charged by a lawyer referral service operated, sponsored, or approved by a bar association.

(D) A lawyer shall not accept employment when he knows or it is obvious that the person who seeks his services does so as a result of conduct prohibited under this disciplinary rule.

DR 2-104. SUGGESTION OF NEED OF LEGAL SERVICES.

(A) A lawyer who has given unsolicited advice to a layperson that he should obtain counsel or take legal action shall not accept employment resulting from that advice if:

(1) the advice embodies or implies a statement or claim that is false, fraudulent, misleading, or deceptive within the meaning of DR 2-101(B), or that violates the regulations contained in DR 2-101(C); or

(2) the advice involves the use by the lawyer of coercion, duress, compulsion, intimidation, threats, unwarranted promises of benefits, overpersuasion, overreaching, or vexatious or harassing conduct.

DR 2-105. LIMITATION OF PRACTICE.

(A) A lawyer shall not hold himself out publicly as, or imply that he is, a recognized or certified specialist, except as follows:

(1) a lawyer admitted to practice before the United States Patent and Trademark Office may use the designation "Patents," "Patent Attorney," or "Patent Lawyer," or any combination of those terms, on his letterhead and office sign. A lawyer engaged in the trademark practice may use the designation "Trademarks," "Trademark Attorney," or "Trademark Lawyer," or any combination of those terms, on his letterhead and office sign, and a lawyer engaged in the admiralty practice may use the designation "Admiralty," "Proctor in Admiralty," or "Admiralty Lawyer," or any combination of those terms, on his letterhead and office sign;

(2) a lawyer who is certified as a specialist in a particular field of law or law practice by the State Bar Board of Legal Specialization may hold himself out as such specialist, but only in accordance with the rules prescribed by the Supreme Court.

(B) A statement, announcement, or holding-out as limiting practice to a particular area or field of law does not constitute a violation of DR 2-105(A) if the statement, announcement, or holding-out complies with the designations and definitions authorized by the State Bar Board of Legal Specialization rules adopted by the Supreme Court, does not include a statement or claim that is false, fraudulent, misleading, or deceptive within the meaning of DR 2-101(B) or that

violates the regulations contained in DR 2-101(C), and if it clearly reflects that the lawyer has not been officially recognized or certified as a specialist.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in GCR 1963, 933. Comments on this proposal may be sent to the Supreme Court clerk within 60 days after it is published in the State Bar Journal.

*Staff Comment:* The proposal is taken from "Proposal B" submitted to the American Bar Association House of Delegates in August 1977. See 63 ABA J 1177, 1234 (September 1977). The State Bar Representative Assembly has recommended to the Court the adoption of a modified version of the American Bar Association's "Proposal A." [The present language was reported in 399 Mich lxxviii and 401 Mich *ante,* p lxxvi.]

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.